**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREGORY BLADE, *et al.* <br><br>　　　　　　　　　*Plaintiffs,* <br> v. <br><br> SIG SAUER, INC., <br>　　　　　　　　　*Defendant.* | No. 25-cv-06645-MAK <br><br> Judge Mark A. Kearney |

**DEFENDANT SIG SAUER'S MOTION TO RECONSIDER THE COURT'S ORDER**
**DENYING ITS MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO AMEND**
**AND CERTIFY THE ORDER FOR INTERLOCUTORY REVIEW**

Defendant Sig Sauer Inc. ("Sig Sauer") respectfully seeks reconsideration, and, in the alternative, amendment and certification for interlocutory review of the Court's March 5, 2026 Order, *see* Dkt. No. 17 ("March 5th Order"), and Memorandum, *see* Dkt. No. 16 ("Mem."), denying Sig Sauer's Motion to Dismiss based upon lack of personal jurisdiction.

1.　　　　Reconsideration should be granted as to the Court's determination that the Pennsylvania registration statute does not "offend the Dormant Commerce Clause" as applied to the dozens of out-of-state plaintiffs here. Mem. at 9. The Commerce Clause *does* apply "to the pleaded facts before [the Court]" because, at a minimum, the claims of all but two of the allegedly injured plaintiffs have no connection to Pennsylvania, and therefore Pennsylvania has no legitimate interest in exercising jurisdiction over Sig Sauer as to those plaintiffs' claims. Whether subjecting Sig Sauer to personal jurisdiction violates the Commerce Clause must be addressed not only for the two alleged in-state plaintiffs, but also for the dozens of out-of-state plaintiffs.

Likewise, the Pennsylvania registration statute imposes an unconstitutional Hobson's choice because it compels out-of-state corporations (1) to register (and thereby submit to jurisdiction of claims unrelated to Pennsylvania) or (2) to forfeit its right "to maintain an action in Pennsylvania courts." *Id.* at 9-10. Pennsylvania's assertion of jurisdiction cannot overcome the substantial burdens that it imposes on interstate commerce. *Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 162-63 (2023) (Alito, J., concurring in part and concurring in the judgment). The Court erred by concluding that the presence of one or more in-state Plaintiffs addresses all Commerce Clause concerns no matter how many out-of-state plaintiffs are joined with in-state ones.

2.     In the alternative, the March 5th Order and Memorandum should be amended to add a certification for interlocutory review to the Third Circuit. The March 5th Order and Memorandum resolve a controlling question of law, for which there are substantial grounds for a difference of opinion, and for which a ruling for Sig Sauer would expedite the termination of the case. *See* 28 U.S.C. § 1292(b). Further, exceptional circumstances support immediate review because the Order, if permitted to stand, would allow Plaintiffs' counsel to use the Pennsylvania registration statute to create *de facto* multi-district litigations in Pennsylvania for plaintiffs from across the country with claims unconnected to the Commonwealth. *Cf. Fischer v. Federal Express Corp.,* 42 F.4th 366, 369 (3d Cir. 2022) (granting interlocutory review to resolve question of personal jurisdiction); *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 479 F. Supp. 1118, 1125 (E.D.N.Y. 1978) (explaining that "multidistrict nature" of an action contributed to the significance of an issue supporting interlocutory appeal). Plaintiffs' counsel's admitted strategy of filing claims by plaintiffs with no connection to Pennsylvania in this judicial district should not be permitted. *See* Dkt. No. 13-2, ¶¶ 79-80.

For these reasons, and as more fully set forth in the attached Memorandum of Law in Support, this Court should grant Sig Sauer's Motion for Reconsideration and dismiss this action for lack of personal jurisdiction and improper venue, or in the alternative, amend and certify its March 5, 2026 Order for interlocutory review.

Respectfully submitted,

/s/ Kristen E. Dennison
**LITTLETON JOYCE UGHETTA & KELLY LLP**
Kristen E. Dennison, Esquire
Justine Lara Shullick, Esquire
100 Matsonford Road, 4-520
Radnor, PA 19087
Tel: (484) 254-6220
Fax: (484) 254-6221
Kristen.Dennison@LittletonJoyce.com
Justine.Shullick@LittletonJoyce.com

Carter G. Phillips
Paul J. Zidlicky
Tobias Loss-Eaton
*(Pro hac vice applications forthcoming)*
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8000
Fax:  (202) 736-8711
cphillips@sidley.com
pzidlicky@sidley.com
tlosseaton@sidley.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREGORY BLADE, *et al.*

                        *Plaintiffs,*

v.

SIG SAUER, INC.,

                        *Defendant.*

No. 25-cv-06645-MAK

Judge Mark A. Kearney

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SIG SAUER'S MOTION TO RECONSIDER THE COURT'S ORDER
DENYING ITS MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO AMEND
AND CERTIFY THE ORDER FOR INTERLOCUTORY REVIEW**

Defendant Sig Sauer Inc. ("Sig Sauer") respectfully seeks reconsideration, and, in the alternative, amendment and certification for interlocutory review of the Court's March 5, 2026 Order, *see* Dkt. No. 17 ("March 5th Order"), and Memorandum, *see* Dkt. No. 16 ("Mem."), denying Sig Sauer's Motion to Dismiss based upon lack of personal jurisdiction.

First, reconsideration should be granted as to the Court's determination that the Pennsylvania registration statute does not "offend the Dormant Commerce Clause" as applied to the dozens of out-of-state plaintiffs here. Mem. at 9. The Commerce Clause *does* apply "to the pleaded facts before [the Court]" because, at a minimum, the claims of all but two of the allegedly injured plaintiffs have no connection to Pennsylvania, and therefore Pennsylvania has no legitimate interest in exercising jurisdiction over Sig Sauer as to those plaintiffs' claims. Whether subjecting Sig Sauer to personal jurisdiction violates the Commerce Clause must be addressed not only for the two alleged in-state plaintiffs, but also for the dozens of out-of-state plaintiffs.

Likewise, the Pennsylvania registration statute imposes an unconstitutional Hobson's choice because it compels out-of-state corporations (1) to register (and thereby submit to jurisdiction of claims unrelated to Pennsylvania) or (2) to forfeit its right "to maintain an action in Pennsylvania courts." *Id.* at 9-10. Pennsylvania's assertion of jurisdiction cannot overcome the substantial burdens that it imposes on interstate commerce. *Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 162-63 (2023) (Alito, J., concurring in part and concurring in the judgment). The Court erred by concluding that the presence of one or more in-state Plaintiffs addresses all Commerce Clause concerns no matter how many out-of-state plaintiffs are joined with in-state ones.

Second, in the alternative, the March 5th Order and Memorandum should be amended to add a certification for interlocutory review to the Third Circuit. The March 5th Order and Memorandum resolve a controlling question of law, for which there are substantial grounds for a difference of opinion, and for which a ruling for Sig Sauer would expedite the termination of the case. *See* 28 U.S.C. § 1292(b). Further, exceptional circumstances support immediate review because the Order, if permitted to stand, would allow Plaintiffs' counsel to use the Pennsylvania registration statute to create *de facto* multi-district litigations in Pennsylvania for plaintiffs from across the country with claims unconnected to the Commonwealth. *Cf. Fischer v. Federal Express Corp.,* 42 F.4th 366, 369 (3d Cir. 2022) (granting interlocutory review to resolve question of personal jurisdiction); *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 479 F. Supp. 1118, 1125 (E.D.N.Y. 1978) (explaining that "multidistrict nature" of an action contributed to the significance of an issue supporting interlocutory appeal). Plaintiffs' counsel's admitted strategy of filing claims by plaintiffs with no connection to Pennsylvania in this judicial district should not be permitted. *See* Dkt. No. 13-2, ¶¶ 79-80.

## ARGUMENT

### I.    THE MARCH 5TH ORDER SHOULD BE RECONSIDERED.

A district court has inherent power to revisit interlocutory orders "when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *see State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (same).[1]  Reconsideration should be granted as to the Court's determination that the Pennsylvania registration statute does not "offend the Dormant Commerce Clause" as applied to the claims of the Plaintiffs in this case whose claims have no connection to Pennsylvania.  *See* Mem. at 9.

*First*, the Court acknowledged Justice Alito's concern about Pennsylvania's "assertion of personal jurisdiction 'over an out-of-state company in a suit brought by an out-of-state plaintiff on claims wholly unrelated to' Pennsylvania," which led him to be "'hard-pressed to identify any legitimate local interest that is advanced by' such a requirement."  *Id.*  The Pennsylvania registration statute "imposes a 'significant burden' on interstate commerce by 'requiring a foreign corporation . . . to defend itself with reference to all transactions,' *including those with no forum connection.*"  *Mallory*, 600 U.S. at 161 (Alito, J., concurring in part and in judgment) (emphasis added).  And, although a State might identify a legitimate interest in some circumstances (e.g., cases involving in-state injuries or resident plaintiffs), that does *not* mean that a State would "have a legitimate local interest in vindicating the rights of non-residents harmed by out-of-state actors through conduct outside the State."  *Id.* (citing *Edgar v. MITE Corp.*, 457 U.S. 624, 644 (1982).

The Court erred, however, in concluding that "Justice Alito's question does not apply to the pleaded facts before [the Court]" because "[t]wo Pennsylvanians are seeking a remedy in a

---

[1] *See also Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (explaining that reconsideration of interlocutory orders under Rule 54(b) does not require any of the showings needed for a post-judgment motion under Rules 59 or 60).

convenient forum for redressing injuries allegedly inflicted by" Sig Sauer.  Mem. at 9-10.  That determination overlooks that dozens of other plaintiffs in this lawsuit have alleged no connection to Pennsylvania whatsoever.  That two plaintiffs are allegedly Pennsylvania residents does not support the exercise of jurisdiction for dozens of other out-of-state plaintiffs whose claims have no connection to Pennsylvania.  Even if Plaintiffs might defend the registration statute against a Commerce Clause challenge in connection with plaintiffs who are residents of Pennsylvania or whose alleged injuries occurred in Pennsylvania, that does not address Sig Sauer's broader challenge, which includes the claims of plaintiffs from across the country, which have no connection to Pennsylvania and for which the concerns expressed by Justice Alito apply directly.

Both the Supreme Court and Third Circuit have explained that personal jurisdiction over a defendant is properly assessed as to each plaintiff in a multi-plaintiff lawsuit.  *Cf. Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 258 (2017) ("*BMS*") (holding that California lacked jurisdiction to entertain claims of non-residents in cases filed by 600 plaintiffs, "most of whom are not California residents"); *Fischer*, 42 F. 4th at 370 (granting interlocutory appeal and holding that personal jurisdiction must be satisfied for "every plaintiff" in a collective action under the Fair Labor Standards Act).  These rulings underscore that personal jurisdiction ultimately reflects how certain constitutional protections apply to specific plaintiffs' claims in specific situations.

It is no response that the registration statute purports to grant *general* personal jurisdiction.  Rather, the relevant issue is the validity of the registration statute as applied to each of the specific plaintiffs in this lawsuit, including the plaintiffs with no connection to Pennsylvania.  Although Pennsylvania might have an interest with regard to residents or to individuals injured in Pennsylvania, that interest does not apply to other plaintiffs with claims wholly unconnected to

4

Pennsylvania.[2]  In assuming otherwise, the Court lacked the benefit of party briefing; Plaintiffs never contended that satisfying the Commerce Clause as to one plaintiff would satisfy it as to all. *Cf. Gloukhova v. CSL Behring LLC*, No. CV 22-2223, 2023 WL 6050217, at *5 (E.D. Pa. Sept. 15, 2023) ("[C]ourts generally should not address legal issues that the parties have not developed through proper briefing"). As a result, this Court's suggestion that "Justice Alito's question does not apply to the pleaded facts before us" is mistaken and, respectfully, should be reconsidered.

*Second*, equally mistaken is the Court's conclusion that the Pennsylvania registration statute does not present Sig Sauer with a Hobson's choice.  According to this Court, "[a]n out-of-state corporation *engaged solely in interstate commerce* may lawfully conduct business in Pennsylvania without registration."  Mem. at 10 (emphasis added).  But as this Court acknowledged, "the registration statute 'does not define 'doing business.'"  Mem. at 4.  And as the Commonwealth's high court has noted, doing "business in Pennsylvania . . . without registering" is "unlawful[]."  *Mallory v. Norfolk S. Ry.*, 266 A.3d 542, 570 n.20 (Pa. 2021), *vacated and remanded on other grounds*, 600 U.S. 122 (2023).  Thus, to the extent there is any ambiguity about whether an out-of-state company is doing business, erring on the side of caution by registering is the proper choice—which Sig Sauer made here.

But even setting that point aside, as the Court further recognized, an unregistered corporation cannot "maintain an action" in Pennsylvania.  Mem. at 5 n.31 & 10 (citing 15 Pa. Const. Stat. Ann. § 411(b)).  As the United States Supreme Court long ago confirmed, access to the courts is "one of the highest and most essential privileges of citizenship."  *Chambers v. Balt.*

---

[2] Plaintiffs did not distinguish between the two allegedly in-state plaintiffs and the dozens of other admittedly out-of-state plaintiffs with no connection to Pennsylvania.  Accordingly, Sig Sauer previously had no opportunity to address whether the existence of one-state plaintiff would immunize the claims of all out-of-state plaintiffs from scrutiny under the Commerce Clause.

*& Ohio R.R.,* 207 U.S. 142, 148 (1907); *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (explaining that "the right of access to courts" is grounded in the Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause and Fourteenth Amendment Equal Protection and Due Process Clauses"). As a result, failure to register in Pennsylvania would mean that Sig Sauer would have no privately enforceable non-federal rights in Pennsylvania. The loss of that constitutional right is a substantial burden on a corporation operating in interstate commerce.[3]

To secure that constitutional right, the Pennsylvania registration statute requires that Sig Sauer forfeit its personal jurisdiction protections. Personal jurisdiction rights are critically important because they protect not only the "practical problems resulting from litigating" in Pennsylvania, but also "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *BMS*, 582 U.S. at 263. Depriving a party of a constitutional right because of its exercise of another constitutional right is itself an "unconstitutional" "Hobson's choice." *See Miller v. Mitchell*, 598 F.3d 139, 155 (3d Cir. 2010) (granting preliminary injunction where plaintiffs were forced "to choose either to assert their constitutional rights and face a prosecution . . . as punishment for exercising their constitutional rights, or forgo those rights and avoid prosecution"); *see also, e.g.*, *Home Insurance Co. v. Morse*, 87 U.S. (20 Wall.) 445, 445–46 (1874) (invalidating state law barring a foreign corporation from "transact[ing] any business" unless it agreed not to remove suits by state citizens from state to federal court). Indeed, the Pennsylvania Supreme Court construed the registration statute as

---

[3] The Court saw no "Hobson's choice," because Sig Sauer "concedes it does not affirmatively file lawsuits here." Mem. at 10. That is mistaken. Rather, Sig Sauer noted only that it "does not have a *history* of affirmatively filing lawsuits in Pennsylvania." Declaration of E. Finkelman, Dkt. No. 8-3, ¶ 10 (Jan. 23, 2026) (emphasis added). Indeed, Sig highlighted that it currently "has business relationships with third parties that are located within the Commonwealth." *Id.* ¶ 8.

6

presenting out-of-state corporations with a "Hobson's choice." *Mallory*, 266 A.3d at 570 n.20 ("[A] foreign corporation's consent to general jurisdiction in Pennsylvania can hardly be characterized as voluntary"), *vacated on other grounds*, 600 U.S. 122 (2023).

**Finally**, balanced against these burdens imposed on Sig Sauer by the Pennsylvania registration statute, the Commonwealth has no legitimate interest in exercising jurisdiction over the claims made against Sig Sauer by plaintiffs with no connection to Pennsylvania. The exercise of jurisdiction against Sig Sauer based upon the registration statute thus violates the Commerce Clause and therefore cannot support jurisdiction, at a minimum, with regard to the claims of non-resident plaintiffs with no connection to Pennsylvania. Accordingly, Sig requests that the Court reconsider its March 5th Order and dismiss the non-resident plaintiffs' claims.

## II. THE MARCH 5TH ORDER AND MEMORANDUM SHOULD BE AMENDED TO ADD A CERTIFICATION FOR IMMEDIATE INTERLOCUTORY REVIEW.

Alternatively, the March 5th Order should be amended to add a certification for immediate interlocutory review of the issue left open by the Supreme Court in *Mallory*, namely:

> Whether the Pennsylvania registration statute violates the Dormant Commerce Clause and Due Process as applied in this case by imposing substantial burdens on interstate commerce that clearly exceed any legitimate instate interest? *See Mallory*, 600 U.S. at 162-63 (Alito, J., concurring in part and concurring in the judgment).

As discussed below, as to that question presented, the Order presents a controlling question of law for which there are substantial grounds for a difference of opinion, and an immediate appeal will materially advance the termination of this lawsuit and is supported by exceptional circumstances.

## LEGAL STANDARD

Section 1292(b) authorizes an exception to the general requirement of a final judgment for appellate review. *See* 28 U.S.C. § 1292(b). Certification of an interlocutory order is appropriate if (1) the order involves a "controlling question of law;" (2) there is a "substantial ground for a

difference of opinion" as to the order's correctness; and (3) an immediate appeal will "materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The Third Circuit has indicated 'that certification is to be used in exceptional cases where an immediate appeal would avoid protracted and expensive litigation.'" *Mumps Vaccine Antitrust Litig.*, No. 12-3555, 2023 WL 12205097, n.1 (E.D. Pa. Oct. 10, 2023).[4]

### A.    The Order and Memorandum Resolve a Controlling Question of Law.

A "controlling question of law" "encompass[es] at the very least every order which, if erroneous, would be reversible error on final appeal," and includes questions "serious to the conduct of the litigation either practically or legally." *Katz*, 496 F.2d at 755. Further, it does not require a determination of the merits of a plaintiff's claim. *Id*.; *Fischer*, 42 F.4th at 381 (addressing issue of personal jurisdiction after granting petition for interlocutory appeal); *Hall v. Wyeth, Inc.*, No. CIV.A.10-738, 2010 WL 4925258, at *1 (E.D. Pa. Dec. 2, 2010) (granting certificate of appealability where ruling from the Third Circuit would reverse order denying motion to dismiss).

Here, the Court's ruling that there is personal jurisdiction over Sig Sauer as to the claims of dozens of non-Pennsylvania plaintiffs presents a controlling question of law. There is no claim of specific personal jurisdiction as to these plaintiffs' claims. *See* Sig Reply Br. at 2 n.1, Dkt. No. 14. Nor is there any claim the Court has general personal jurisdiction over Sig Sauer based on traditional considerations of place of incorporation or principal place of business as Sig Sauer maintains neither in Pennsylvania. Accordingly, the question of whether this Court has personal jurisdiction over Sig Sauer turns on whether the Pennsylvania registration statute is constitutional

---

[4] *See also Fischer*, 42 F.4th at 370 (granting petition for interlocutory appeal to resolve question whether opt-in plaintiffs must establish personal jurisdiction "over the defendant with respect to their individual claims."); *see also* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3930 (3d ed.) ("If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt.").

as applied to claims by plaintiffs with no connection to Pennsylvania. The Court examined this question in its Order and concluded that Pennsylvania's registration statute does not violate the dormant Commerce Clause because two of the plaintiffs in this multi-plaintiff action are Pennsylvanians, and the Court therefore could properly exercise personal jurisdiction over Sig Sauer. *See* Mem. at 9–10.

Whether Pennsylvania's registration statute violates the dormant Commerce Clause is a controlling question of law because it addresses the constitutionality of the sole basis for the Court's jurisdiction in this case. Whether a district court may exercise personal jurisdiction over an out-of-state defendant is always a question of law. *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993). And here it is controlling because, if reversed, the Court would lack personal jurisdiction over Sig Sauer as to all claims by non-resident plaintiffs, thereby requiring dismissal of those claims and drastically streamlining the scope of this litigation. Further, the question presented concerns a matter that would present a basis for reversal on appeal. *See id*. at 558 (after judgment, reversing order of district court denying motion to dismiss for lack of personal jurisdiction); *Hall*, 2010 WL 4925258, at *1 ("If the Third Circuit were to disagree with this Court's ruling, the judgment order denying Defendants' motion to dismiss . . . would be reversed."). And it is a question "serious to the conduct of the litigation either practically or legally" because if this Court's decision were reversed and multiple plaintiffs' claims dismissed, it would "sav[e the] time of the district court and . . . expense to the litigants." *Katz,* 496 F.2d at 755; *see infra* Part II.C. (discussing how resolution of this question would simplify and expedite ultimate resolution of this matter).

## B.    There are Substantial Grounds for a Difference of Opinion.

The constitutionality of the registration statute under the Commerce Clause is, at a minimum, a question for which there are substantial grounds for a difference of opinion. A

substantial ground for difference of opinion exists where there is an unsettled and significant question of law, or, in other words, where there is "genuine doubt . . . as to the correct legal standard." *Hall*, 2010 WL 4925258 at \*2 (quoting *Bradburn Parent Teacher Store, Inc. v. 3M*, No. CIV.A.02-7676, 2005 WL 1819969, at \*4 (E.D. Pa. Aug. 2, 2005)).  This requirement can be satisfied by showing (1) "an absence of controlling law on the issue" or (2) "conflicting and contradictory opinions." *Aluminium Bahrain B.S.C. v. Dahdaleh*, No. CIV. 8-299, 2012 WL 5305169, at \*2 (W.D. Pa. Oct. 25, 2012).  Further, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 Wright & Miller, Fed. Prac. & Proc., § 3930.

*First*, the Order rejects the concerns expressed in Justice Alito's opinion in *Mallory* as applied to the allegations of this case.  Mem. at 9-10.  Justice Alito's opinion, which provided the fifth vote necessary to the judgment in *Mallory,* highlighted the issue whether "registration-based jurisdiction" violates the dormant Commerce Clause because "the Constitution restricts a State's power to reach out and regulate conduct that has little if any connection with the State's legitimate interests."  *Mallory*, 600 U.S. at 154 (Alito, J., concurring in part and in the judgment).  Justice Alito explained that those limits fall within the scope of the dormant Commerce Clause, and that there was "a good prospect that Pennsylvania's assertion of jurisdiction here—over an out-of-state company in a suit brought by an out-of-state plaintiff on claims wholly unrelated to Pennsylvania—violates the Commerce Clause."  *Id*. at 160.  Justice Alito was "hard-pressed to identify any legitimate local interest that is advanced by requiring an out-of-state company to defend a suit brought by an out-of-state plaintiff on claims wholly unconnected to the forum State."  *Id*. at 162.  The four dissenting Justices in Mallory likewise saw "no legitimate interest in a controversy with no connection to the Commonwealth that was filed by a non-resident against a

10

foreign corporation." *Id.* at 169 n.1 (Barrett, J., joined by Roberts, C.J., and Kagan and Kavanaugh, JJ., dissenting). Thus, a majority of the Supreme Court has concluded that claims like those of the out-of-state plaintiffs here involve no legitimate state interest.

This Court disagreed that Pennsylvania's registration statute presents dormant Commerce Clause issues, concluding that the "key to today's issue" was that Pennsylvania has an interest in providing "residents" a convenient forum for redressing injuries inflicted by out-of-state actors and "two Pennsylvanians are seeking a remedy in a convenient forum." Mem. at 9-10. But that analysis does not address the Commerce Clause issues as to the remaining dozens of other plaintiffs with no connection to Pennsylvania—whose claims present the same constitutional concerns highlighted by Justice Alito and echoed by the four dissenters.

***Second***, the Third Circuit has yet to weigh in on whether Pennsylvania's registration statute violates the dormant Commerce Clause. *See Bradburn Parent Teacher Store, Inc,* 2005 WL 1819969, at *4 (finding substantial grounds for difference of opinion where the "Third Circuit has not yet had an opportunity to address" the controlling question of law); *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008) (same). And indeed, at least one district court has recognized *Mallory* leaves the controlling question unanswered because of its splintered decision. Without addressing the substantive issue, the District of Massachusetts explained that "the relevance of registration is a deeply divisive issue as to which the Supreme Court spoke with multiple voices." *HC&D, LLC v. Precision NDT & Consulting, LLC*, 698 F. Supp. 3d 180, 202 n.18 (D. Mass. 2023) (citing *Mallory*). And these "diverse voices make clear that more is likely to be heard in the future as the Supreme Court itself further explores what it means to consent to jurisdiction." *Id*. In fact, there currently is pending a Petition for Certiorari in the United States Supreme Court on this very issue. *See BNSF Ry. Co. v. Lynn*, No. 25-1046, Pet. for Cert. at i (U.S.

11

Mar. 2, 2026) ("Whether the Commerce Clause permits a State to extract consent to jurisdiction from nonresident corporations as a condition of their right to do business in the State, even for cases involving nonresident plaintiffs and out-of-state conduct.")

*Third*, this Court's departure from Justice Alito's reasoning also signals a difference of opinion in how other lower courts have interpreted Justice Alito's *Mallory* concurrence. For example, in addressing whether Georgia's consent-by-registration statute violated the dormant Commerce Clause, the Southern District of Georgia acknowledged Justice Alito's concern that Pennsylvania's registration statute would violate the dormant Commerce Clause as to "'claims *wholly unrelated to Pennsylvania*.'" *Sloan v. Burist*, No. 2:22-CV-76, 2023 WL 7309476, at *5 (S.D. Ga. Nov. 6, 2023) (quoting *Mallory*, 600 U.S. at 160) (emphasis added by *Sloan*). Because the specific incident giving rise to the *Sloan* case "[was] not 'wholly unconnected to the forum State,'" it was "not clear" that Georgia's statute would be unconstitutional under Justice Alito's analysis. *Id.* Here, in contrast, the claims of dozens of plaintiffs with no connection to Pennsylvania would be "unconstitutional under [Justice Alito's] Dormant Commerce Clause analysis because" they involve incidents "'wholly unconnected to the forum State.'" *Id.*

This Court's Order "involves a rather novel question of law" that is implicated in pending litigation in courts throughout the country and therefore it involves an issue for which there is a substantial ground for difference of opinion. *See Knipe*, 583 F. Supp. 2d at 600.

## C.   Resolution of this Controlling Issue by the Third Circuit will Expedite Termination of this Litigation.

In evaluating the third prong under Section 1292(b), courts in the Third Circuit consider (1) "whether the need for trial would be eliminated;" (2) "whether the trial would be simplified by the elimination of complex issues;" and (3) "whether discovery could be conducted more expeditiously and at less expense to the parties." *Knipe*, 583 F. Supp. 2d at 600. These factors

12

favor immediate appeal. Certification of the personal jurisdiction question—which if resolved in Sig Sauer's favor would eliminate, at a minimum, all but two of the named plaintiffs from this suit, *see* Complaint, Dkt. No. 1—would simplify adjudication of the issues in this case and would exponentially decrease what would otherwise be potentially sprawling discovery for dozens of plaintiffs with no connection to Pennsylvania. Indeed, courts have long recognized that immediate appeal on a question of personal jurisdiction is particularly apt for certification. *See Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983). And, where, as here, certification would eliminate large numbers of plaintiffs from litigation, there cannot be "much difficulty" finding this prong satisfied. *Katz*, 496 F.2d at 755.

Here, dozens of plaintiffs with no connection to Pennsylvania are seeking to litigate highly contested and fact-intensive claims in a Pennsylvania court, despite the fundamental constitutional defect arising from a lack of personal jurisdiction. Absent immediate resolution of this issue, parties will be forced to expend considerable time and resources on discovery and, ultimately, resolution of non-resident claims wholly unrelated to Pennsylvania. Certification would simplify and expedite resolution of the claims and therefore would materially advance the litigation. *See Aluminium Bahrain*, 2012 WL 5305169, at *3 (holding that immediate appeal would materially advance termination of the litigation because discovery "promise[d] to be lengthy and complex"); *Patrick v. Dell Fin. Servs*., 366 B.R. 378, 387 (M.D. Pa. 2007) (certifying order because reversal "would resolve a large portion of the litigation without wasting the scarce resources of [the court] and the parties").

### D.       Exceptional Circumstances Support Certification in this Case.

Lastly**,** exceptional circumstances support certification in this case. In addition to meeting the statutory criteria above, this Court's Order risks setting a precedent that could be used to transform the nature of multi-district litigation. *See Zenith Radio Corp. v. Matsushita Elec. Indus.*

13

*Co.*, 494 F. Supp. 1190, 1244 (E.D. Pa. 1980) (granting certification and finding exceptional circumstances based on the "exceptional novelty and complexity of the legal question here presented"). If allowed to stand, a single in-state plaintiff could provide the basis for expansive litigation unconnected to the forum, notwithstanding that the claims of the vast majority of plaintiffs reflect no connection to the forum State. This theory of personal jurisdiction—which has been criticized by five members of the Supreme Court—would permit Pennsylvania to assert personal jurisdiction over matters that have no connection to the state and necessarily deprives its sister states of the ability to adjudicate important matters in which they have a legitimate interest. *See Mallory*, 600 U.S. at 162 (Alito, J. concurring); *id.* at 170 & n.1.

Indeed, the Court's Order allows for a de facto multi-district litigation against Sig Sauer in Pennsylvania involving pre-trial proceedings for plaintiffs from across the country who have no connection to the forum State. *See In re Air Crash Disaster*, 479 F. Supp. at 1125 (explaining that "multidistrict nature" of an action contributed to the significance of an issue supporting interlocutory appeal). The Order would further encourage forum shopping, *see* Mark A. Behrens & Cary Silverman, *Litigation Tourism in Pennsylvania: Is Venue Reform Needed?*, 22 Widener L.J. 29, 31 (2012), and invite Plaintiff's counsel to manufacture personal jurisdiction in Pennsylvania for claims that have nothing to do with the Commonwealth, while restricting the constitutional rights of Defendants. *See* Section I, *supra*. Moreover, the question itself is exceptionally important, and implicates threshold questions of personal jurisdiction particularly suited to interlocutory appeal. *See* 16 Wright & Miller, Fed. Prac. & Proc., § 3930. Prompt resolution of this issue would prevent substantial and unjustified expenditure, clarify the relevant issues of law, and prevent the manifest injustice of requiring Sig Sauer to defend itself in Pennsylvania against claims wholly unrelated to the Commonwealth.

14

**CONCLUSION**

For these reasons, Sig Sauer respectfully requests that the Court reconsider its March 5th Order denying Sig Sauer's Motion to Dismiss, or, alternatively amend its Order and accompanying Memorandum to all for an immediate appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

/s/ Kristen E. Dennison
**LITTLETON JOYCE UGHETTA & KELLY LLP**
Kristen E. Dennison, Esquire
Justine Lara Shullick, Esquire
100 Matsonford Road, 4-520
Radnor, PA 19087
Tel: (484) 254-6220
Fax: (484) 254-6221
Kristen.Dennison@LittletonJoyce.com
Justine.Shullick@LittletonJoyce.com

Carter G. Phillips
Paul J. Zidlicky
Tobias Loss-Eaton
*(Pro hac vice applications forthcoming)*
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8000
Fax:  (202) 736-8711
cphillips@sidley.com
pzidlicky@sidley.com
tlosseaton@sidley.com

*Counsel for Defendant Sig Sauer Inc.*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the enclosed document was filed and served upon all counsel of record via the electronic filing system.

/s/ Kristen E. Dennison
**LITTLETON JOYCE UGHETTA & KELLY LLP**
Kristen E. Dennison (86648)
Justine Lara Shullick, Esquire (337510)
100 Matsonford Road, 4-520
Radnor, PA 19087
Tel:  (484) 254-6220
Fax: (484) 254-6221
Kristen.Dennison@littletonjoyce.com
Justine.Shullick@littletonjoyce.com

Dated:  March 17, 2026

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREGORY BLADE, *et al.*<br><br>        *Plaintiffs,*<br><br>v.<br><br>SIG SAUER, INC.,<br><br>        *Defendant.* | No. 25-cv-06645-MAK |

**CERTIFICATE OF GOOD FAITH CONFERRAL FOR MOTION FOR
RECONSIDERATION, AND IN THE ALTERNATIVE, TO AMEND AND CERTIFY
FOR INTERLOCUTORY REVIEW**

I, Kristen E. Dennison, certify that on March 17, 2025, I meaningfully conferred in good faith with Robert Zimmerman, Esq., counsel for Plaintiffs regarding the issues raised in the foregoing Motion for Reconsideration and in the Alternative to Amend and Certify the Court's Order for Interlocutory Review. Mr. Zimmerman stated his position is that he disagrees with the Motion and that he was not amenable to stipulating to the Motion.

So certified:

Respectfully submitted,

/s/ Kristen E. Dennison
**LITTLETON JOYCE UGHETTA & KELLY LLP**
Kristen E. Dennison, Esquire
Justine Lara Shullick, Esquire
100 Matsonford Road, 4-520
Radnor, PA 19087
Tel: (484) 254-6220
Fax: (484) 254-6221
Kristen.Dennison@LittletonJoyce.com
Justine.Shullick@LittletonJoyce.com

Dated: March 17, 2026